1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

CHARLES V. FARNSWORTH,

11

Plaintiff,

v.

12

M.L. FURST, *et al.*,

13

Defendants.

14

CASE NO. 3:24-cv-05275-KKE-GJL

REPORT AND RECOMMENDATION

Noting Date: **May 3, 2024**

15     The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United

16  States Magistrate Judge Grady J. Leupold. Plaintiff Charles V. Farnsworth, proceeding *pro se*,

17  has filed a Motion[1] to proceed in this action *In Forma Pauperis* ("IFP") (Dkt. 1) and a Proposed

18  Complaint (Dkt 1-1). Upon review, the undersigned finds Plaintiff has incurred at least three

19  "strikes" under 28 U.S.C. § 1915(g) and is, therefore, ineligible to proceed in this action without

20

21

_____

22  [1] This filing is currently posted on the docket as an IFP Application due to Plaintiff's filing deficiencies. The Clerk
    of Court properly informed Plaintiff his IFP Application would not be accepted as an IFP Motion until his
23  deficiencies were cured. *See* Dkt. 2. However, because the outcome recommended herein is wholly unaffected by
    Plaintiff's uncured deficiencies, the Clerk is **DIRECTED** to convert the IFP Application to an IFP Motion and to
24  note the converted IFP Motion for immediate consideration.

REPORT AND RECOMMENDATION - 1

1   prepayment of fees. Thus, the undersigned recommends the IFP Motion be **DENIED** and

2   Plaintiff be directed to pay the $405.00 filing fee to proceed in this action.

### I.   BACKGROUND

4         Plaintiff, who is currently incarcerated at Coyote Ridge Corrections Center ("CRCC"),

5   filed this civil action challenging the medical treatment he received at that facility and at other

6   facilities operated by the Washington State Department of Corrections ("DOC"). *See* Dkt. 1-1.

7         Plaintiff first complains that, since 2008, he has experienced unreasonable delays in the

8   treatment of his Post-Traumatic Stress Disorder ("PTSD"). *Id.* at 15–17. More recently, he

9   complains that DOC medical providers have provided inconsistent dosages of his psychotropic

10  medication and, when his dosages are too low, he experiences severe anxiety, depression, and

11  suicidal ideations. *Id.* at 16-20; 18. Although Plaintiff states he is currently receiving the

12  appropriate dosage of his medication, he is concerned his treatment plan may change if the

13  current medical providers at CRCC are replaced. *Id.* at 21.

14        As relief, Plaintiff seeks declaratory judgment in addition to compensatory and punitive

15  damages. *Id.* at 21–22.

### II.   DISCUSSION

17        The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, governs IFP

18  proceedings. Under § 1915(a), a district court may waive the filing fee for civil complaints by

19  granting IFP status to individuals unable to afford the fee. *Andrews v. Cervantes*, 493 F.3d 1047,

20  1051 (9th Cir. 2007). "To address concerns that prisoners proceeding IFP were burdening the

21  federal courts with frivolous lawsuits, the PLRA altered the IFP provisions for prisoners in an

22  effort to discourage such suits." *Id.* (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir.

23  2001)). Indigent prisoners still receive IFP status if they meet the requirements, but § 1915(b)

24

REPORT AND RECOMMENDATION - 2

1  states prisoners proceeding IFP must pay the filing fee when funds become available in their

2  prison accounts. 28 U.S.C. §1915(b); *Cervantes*, 493 F.3d at 1051. "Additionally, prisoners who

3  have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the

4  three-strikes rule." *Cervantes*, 493 F.3d at 1051–52. The "three-strikes rule," contained in

5  §1915(g) of the PLRA, states:

6      In no event shall a prisoner bring a civil action under this section if the prisoner has,
       on 3 or more prior occasions, while incarcerated or detained in any facility, brought
7      an action or appeal in a court of the United States that was dismissed on the grounds
       that it is frivolous, malicious, or fails to state a claim upon which relief may be
8      granted, unless the prisoner is under imminent danger of serious physical injury.

9      The PLRA's three-strike provision does not distinguish between dismissals with

10  prejudice, dismissals without prejudice, actions dismissed on the merits, or actions dismissed

11  pursuant to the statute's screening provisions. *O'Neal v. Price*, 531 F.3d 1146, 1154–55 (9th Cir.

12  2008). Thus, when an IFP motion or application is rejected pursuant to the screening provisions

13  of 28 U.S.C. § 1915(e) and the action dismissed, the dismissal counts as a strike. *Id.* at 1155.

14      Here, the records of this Court and of the United States District Court for the Eastern

15  District of Washington show Plaintiff has filed at least nineteen prisoner civil rights actions in

16  federal court. Of those actions, at least three actions filed while Plaintiff was incarcerated have

17  been dismissed as frivolous or for failure to state a claim upon which relief may be granted.

18  Thus, the Court finds the following prior dismissals constitute "strikes" pursuant to section

19  1915(g):

20      1.    *Farnsworth v. Carter*, No. 3:05-cv-05139-FDB (W.D. Wash.), Dkts. 30, 31
             (alleging constitutional violations based on lack of television at correctional
21            facility; case dismissed for failure to state a claim upon which relief may be
             granted);

22

23

24

REPORT AND RECOMMENDATION - 3

2.    *Farnsworth v. Pierce County, et al.*, 3:05-cv-05177-RBL (W.D. Wash),
Dkts. 24, 25 (alleging constitutional violations arising out of requirement to
use specific forms when filing state-court actions; case dismissed for failure
to state a claim upon which relief may be granted);

3.    *Farnsworth v. Sinclair, et al.*, 4:16-cv-05104-TOR (E.D. Wash.), Dkts. 18,
19 (alleging constitutional violations arising out of "run-of-the-mill slip and
fall" claim; case dismissed for failure to state a claim upon which relief may
be granted).

Because he has incurred at least three "strikes," Plaintiff is barred from proceeding IFP

unless he shows he was "under imminent danger of serious physical injury" at the time he filed

his Proposed Complaint. *See* 28 U.S.C. § 1915(g).

To receive the benefit of the imminent danger exception, a prisoner must allege a danger

that is "ready to take place" or "hanging threateningly over one's head." *Cervantes*, 493 F.3d at

1056 (internal citations omitted). Plaintiff has not made the required showing here. Although the

Court does not question the sincerity of Plaintiff's concerns about being placed on a lower dose

of his psychotropic medication, his fear that his medication may—*at some point*—be reduced by

an unknown medical provider is insufficient to demonstrate he is under imminent danger of

serious physical injury.

Accordingly, the undersigned finds Plaintiff is ineligible to proceed with this lawsuit in

federal court without prepayment of fees. *See* 28 U.S.C. § 1915(g); *see also Andrews v. King*,

398 F.3d 1113, 1120 (9th Cir. 2005) (holding that once the prisoner has been placed on notice by

the district court of potential disqualification for IFP status under § 1915(g), "the prisoner bears

the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status").

### III.    CONCLUSION

For the stated reasons, the undersigned finds Plaintiff may not proceed in this action

without first paying the $405.00 filing fee. As a result, the Clerk of Court is **DIRECTED**

REPORT AND RECOMMENDATION - 4

1    to convert the IFP Application (Dkt. 1) to an IFP Motion and to note the converted IFP Motion

2    for immediate consideration. Next, it is recommended the (1) IFP Motion be **DENIED** based on

3    the three-strikes rule of 28 U.S.C. § 1915(g), (2) Plaintiff be **DIRECTED** to **PAY** the $405.00

4    filing fee **within 30 days** of the adoption of this Report and Recommendation, and (3) if Plaintiff

5    fails to do so by the stated deadline, that this case be **DISMISSED** without prejudice.

6         Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties

7    shall have fourteen (14) days from service of this report to file written objections. *See also* Fed.

8    R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of

9    *de novo* review by the District Judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of

10   those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda*

11   *v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time

12   limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **May 3,**

13   **2024**, as noted in the caption.

14        Dated this 12th day of April, 2024.

15

16

17                                    Grady J. Leupold
                                      United States Magistrate Judge

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 5