1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHARLES V. FARNSWORTH,
                    Plaintiff,

        v.

M.L. FURST et al.,
                    Defendants.

CASE NO. C24-5275-KKE-GJL

ORDER ADOPTING REPORT AND
RECOMMENDATION

This matter comes before the Court on Magistrate Judge Grady J. Leupold's report and recommendation ("R&R") to deny Plaintiff Charles V. Farnsworth's *In Forma Pauperis* ("IFP") motion.  Dkt. No. 4.  For the below reasons, the Court ADOPTS the R&R.  *Id.*

On April 10, 2024, Plaintiff, an inmate at Stafford Creek Corrections Center,[1] filed a proposed civil rights complaint with an application to proceed IFP.  Dkt. Nos. 1, 1-1.  Plaintiff alleges the Defendants violated the Eighth Amendment and Fourteenth Amendment by failing to properly treat his post-traumatic stress disorder.  Dkt. No. 1-1.  In his application to proceed IFP, Plaintiff states that his application should be granted despite his three prior strikes under 28 U.S.C. § 1915(g) because he is "in imminent danger or threat of serious bodily harm" due to the potential for future denial of his medication.  Dkt. No. 1 at 2–3.

---

[1] The R&R incorrectly states that Plaintiff is incarcerated at Coyote Ridge Corrections Center.  Dkt. No. 4 at 2.

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

On April 12, 2024, Magistrate Judge Leupold entered the R&R, instructing the Clerk to convert the IFP application to an IFP motion, and then recommending denial of the IFP motion. Dkt. No. 4.  The R&R explained that Plaintiff's fear that his medication "may—*at some point*—be reduced by an unknown medical provider is insufficient to demonstrate he is under imminent danger of serious physical injury." *Id.* at 4.

On April 25, 2024, Plaintiff filed his objections to the R&R.  Dkt. No. 5.  Plaintiff argues that the R&R failed to consider his IFP motion and that his current care team "are subject to being replaced at any time and Dr. Furst could once again be appointed as Plaintiff's psychiatrist." *Id.* at 5.  Plaintiff also describes an encounter with Dr. Furst that "Plaintiff took as a threat to remove him from his Bupropion prescription the first opportunity he gets." *Id.* at 6.  Lastly, Plaintiff directs the Court to his previous case against different Defendants arising from their refusal to dispense certain medications.  The court in that case found the complaint satisfied the "imminent danger exception to the three-strikes rule." ECF No. 7 at 1–2, *Farnsworth v. Armstrong*, No. C20-5007 RBL-TLF (W.D. Wash. Feb. 6, 2020).

The Court has considered the record in this case, including Plaintiff's IFP motion and objections to the R&R, and agrees that Plaintiff has failed to meet the "imminent danger" exception to the three-strikes rule that would allow the Court to grant his IFP motion.  Prisoners qualify for the imminent danger exception based on the alleged conditions at the time the complaint is filed. *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007).  The imminent danger exception requires a prisoner to allege a danger which is "ready to take place" or "hanging threateningly over one's head." *Id.* at 1056 (internal citations omitted).  A plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). That is, the imminent danger exception is available "for genuine emergencies," where "time is

pressing" and "a threat … is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).  Unlike his prior case where Plaintiff alleged defendants were refusing to dispense his medication, Plaintiff alleges only generally that he fears he may be reassigned to Dr. Furst at some point in the future, because of the possibility that his current care team could be replaced at any time.  Plaintiff has thus failed to allege an imminent danger.

Accordingly, Plaintiff is not entitled to an exception to the three-strikes rule and the Court ADOPTS the R&R (Dkt. No. 4) and DENIES Plaintiff's IFP motion (Dkt. No. 1).  In accordance with the R&R, Plaintiff is directed to pay the $405.00 filing fee by June 20, 2024, and if Plaintiff fails to do so, this case will be dismissed without prejudice.

Dated this 20th day of May, 2024.

Kymberly K. Evanson
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION - 3